Matthias, J.
The questions presented arise upon a motion to dismiss this cause on the ground that this court has no jurisdiction thereof. The facts necessary for a consideration of the questions involved, and which are all conceded, are that final judgment was rendered in the court of appeals on July 28, 1915, which was during the January term of that court. On the 19th day of November, 1915, during the term of that court which opened on September 14, 1915, the judges thereof found and certified that the judgment rendered in the case was in conflict with a judgment theretofore pronounced upon the same question by the court of appeals of Fairfield county, and the cause was thereupon certified to this court for review and final determination.
The question squarely presented by these facts is whether there is to be any limit of time whatever within which the judges of a court of appeals must find a conflict of judgment by them agreed upon with a judgment pronounced by another court of appeals, and certify the case to this court for review and final determination.
The amendment of the constitution making a substantial change in the judicial system of the state is involved in the consideration of the proposition presented, and particularly the following portion of Section 6 of Article IV:
“Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in *463 conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.”
The language in the forepart of this provision indicates that in the event of a finding of conflict no judgment should be entered, for the conflict to be noted is of a judgment upon which the judges have agreed with a judgment pronounced by another court of appeals, and some support for that view is found in the debates of the constitutional convention; but it is negatived by the terms of the latter part of the provision which requires that the judges certify the record of the case for revietv and final determination. A review presupposes the rendition of a judgment which is to be reviewed. Had it been the intention of the framers of this provision to reserve the case for decision by the supreme court, appropriate language presumably would have been used to effectuate that purpose. It is quite significant that the original proposal presented to the constitutional convention contained the phrase “reserve and certify,” but before' action was taken thereon by the convention the word “reserve” was eliminated. It is our opinion, therefore, that a judgment should be entered in accordance with the conclusions reached by the court.
It is perfectly clear that such conflict must be found by the judges of the court rendering the judgment, and that a case cannot properly be filed in this court on the ground of conflict of decision upon the same question by two courts of appeals until such finding be so made and entered and the *464 record of the case duly certified to this court. It is just as obvious that upon finding such conflict of decision, it is the duty of the judges so finding to certify the record of the case to this court, the language used being mandatory.
Is there any limitation of time within which such conflict of decision must be found and the record certified to this court? None is fixed by the constitutional provision and none has been prescribed by the legislature. It is contended by the plaintiffs in error that the word “whenever,” as here used, mtist be construed to mean “at any time when,” and therefore authorizes such finding of conflict and certification to this court at any time, the period being limited only by the tenure of office of the judges rendering such judgment. Such a construction of this constitutional provision would do violence to the very purpose of the entire amendment to the constitution reorganizing the judicial system of the state, as so clearly and emphatically stated by the framers thereof and as presumably understood by the people adopting the same. That object was to simplify, not complicate, court procedure; to decrease and limit, not to extend indefinitely, the period of litigation. The effect of th¿\ construction contended for by the plaintiffs in error upon judgments rendered may best be contemplated if, as urged, such provision apply to the judgment first rendered as well as to the later one. Litigation would be interminable and no judgment could be regarded as final. If possible that meaning should be ascribed to the language of a constitutional amendment which will not thwart or defeat, but *465 which will accomplish, the purpose of its enactment and adoption, and the context will be examined to ascertain such purpose. The reasoning which influenced .the decision in the case of Hupp et al. v. The Hock-Hocking Oil & Nat. Gas Co., 88 Ohio St., 61, is equally applicable here.
The word “whenever” as used in this provision may be regarded as meaning “if” or “should,” and so construed this clause is placed in complete harmony with the other provisions of the amendment and promotes the evident purpose of its enactment and adoption.
Although in the particular constitutional provision above cited, and heretofore discussed, there is no suggestion of a limitation of time being prescribed by law for the finding of such conflict of certification of a case to this court upon the ground of conflict of judgments of courts of appeals, as there is in the provision contained in Section 2, Article IV of the Constitution, having reference to the review by this court of cases of public of great general interest, yet it must have been contemplated that analogous provisions would be looked to and applied, to the end that, in so far as possible, uniformity be preserved in all error proceedings. Therefore, in the absence of legislation on the subject, a limitation of seventy days.is hereby prescribed.
The requirement that the finding of conflict shall be made by the judges of the court of appeals permits the making and entering of such finding either during or after the term at which the judgment in *466 such case is rendered, but the jurisdiction of this court cannot be invoked in such case unless the record thereof is certified to and filed in this court within seventy days after the entry of judgment in the court of appeals. Such limitation, however, will not be given a retroactive effect, and therefore shall apply only to cases certified to and filed in this court subsequent to May 1, 1916.

Motion overruled.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman and Jones, JJ., concur.